# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

PATRICIA A. WILLIAMS, )
)
        Plaintiff, )
)
v. ) Case No. CIV-11-327-JHP
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
        Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Patricia A. Williams (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on October 11, 1969 and was 40 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a cashier, line production supervisor, production worker, and manufacturing

supervisor. Claimant alleges an inability to work beginning March 21, 2008 due to limitations resulting from severe degenerative joint disease of the knees, obesity, anxiety, panic disorder with agoraphobia, bipolar disorder, and recurrent severe major depressive disorder.

## Procedural History

On September 10, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and on September 19, 2008, she applied for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On November 2, 2009, an administrative hearing was held before ALJ Douglas S. Stults in Ardmore, Oklahoma. On June 15, 2010, the ALJ issued an unfavorable decision on Claimant's applications. On July 28, 2011, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual

functional capacity ("RFC") to perform a range of sedentary work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to properly evaluate the opinions of Claimant's counselor; and (2) failing to discuss uncontroverted and/or significant evidence in conflict with the ALJ's findings.

**Evaluation of the Opinion of Claimant's Counselor**

In his decision, the ALJ found Claimant suffered from the severe impairments of arthritis of the knees, obesity, bipolar disorder, and panic disorder with agoraphobia. (Tr. 18). He determined Claimant retained the RFC to perform sedentary work except he could only occasionally climb ramps and stairs, balance and stoop, could never kneel, crouch, crawl, and climb ropes, ladders, or scaffolds, can sit for up to 30 minutes at any one time before having to stand at a workstation for less than five minutes, can understand, remember, and carry out simple instructions, cannot interact with the general public, and can only relate to coworkers and supervisors superficially. (Tr. 20). Based upon the testimony of the vocational expert, the ALJ found Claimant could perform the jobs in the national and regional economies of food order clerk, document preparer, and shirt cuff folder. (Tr. 23-24).

5

Claimant contends the ALJ did not properly evaluate the opinion of her licensed professional counselor, Ms. Morgan Powell. On October 6, 2009, Ms. Powell completed a Residual Functional Capacity Assessment (Mental) form on Claimant. She concluded Claimant was moderately limited in the areas of the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, the ability to sustain an ordinary routine without special supervision, the ability to work in coordination with or proximity to others without being distracted by them, and the ability to interact appropriately with the general public. Ms. Powell found Claimant was markedly limited in the areas of the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods and the ability to travel in unfamiliar places or use public transportation. (Tr. 371-75).

Ms. Powell concluded Claimant had a "hard time standing & sitting for extended period (sic) of time. She currently receives Cortisone shots every 4-6 wks." She noted Claimant "does not like to be around people she does not know. Has reported the walls closing in on her when in public." Ms. Powell stated Claimant "does not use public transportation due to personal fears of

something bad happening to her."  (Tr. 375).

The ALJ found in regard to Ms. Powell's findings that her opinion "is given minimal weight because the (sic) Ms. Powell is not an acceptable medical source under 20 C.F.R. §§ 404.1513(e), 416.913(e)(2010).  Greater weight has been given to the examining and reviewing doctors."  (Tr. 22).

This Court generally agrees with the ALJ's conclusion that a licensed professional counselor is not an "acceptable medical sources," as that term is defined by the regulations.  Counselors fall within the category of "other sources" and are deemed to be "medical sources" who are not "acceptable medical sources."  20 C.F.R. § 416.913(d)(1).  The formulation of Soc. Sec. R. 06-3p was intended as a clarification of existing regulations.  This ruling states, in pertinent part:

> [The existing] regulations provide specific criteria for evaluating medical opinions from "acceptable medical sources"; however, they do not explicitly address how to consider relevant opinions and other evidence from "other sources" listed in 20 C.F.R. 404.1513(d) and 416.913(d). With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along with

7

the other relevant evidence in the file.

In order to effectuate this express policy, the ALJ should discuss these "other sources" and fully explain the weight given to any such opinion. Bowman v. Astrue, 512 F.3d 1270, 1275 (10th Cir. 2008). The ALJ appears to have rejected Ms. Powell's opinions solely on the basis of her not representing an acceptable medical source rather than the content or viability of her findings. This shows no deference for the opinions of this source at all. In order to evaluate and fully explain the weight given to Ms. Powell's opinions, the ALJ should utilize the factors set forth in 20 C.F.R. §§ 404.1527(d) and 416.927(d).

### Discussion of Uncontroverted Evidence

Claimant sets forth a litany of disconnected evidence from various sources, contending the ALJ should have discussed each and the impact each has upon Claimant's work related limitations. It is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. Other than the evidence related to Ms. Powell's findings, this Court finds none of the evidence indicated by Claimant in her brief individually or

together represents additional, unconsidered limitations which are significantly probative. No error is attributed to the ALJ's decision in this regard.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 4th day of January, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE